**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 13, 2005
Decided September 14, 2005

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-1861

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin |
| v. | No. 04-CR-090-S-02 |
| SHAUN DELONG, *Defendant-Appellant*. | John C. Shabaz, *Judge*. |

**O R D E R**

Shaun DeLong pleaded guilty to distributing methamphetamine, 21 U.S.C. § 841(a)(1), and was sentenced after *United States v. Booker*, 125 S. Ct. 738 (2005), to 37 months' imprisonment and three years' supervised release. DeLong filed a notice of appeal, but his appointed counsel moves to withdraw because he cannot discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967). We invited DeLong to comment on counsel's motion, *see* Cir. R. 51(b), but he has not responded. Our review is limited to the potential issues counsel has identified. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

DeLong benefitted from the dismissal of other charges as part of a plea agreement, and counsel represents that DeLong has not expressed any desire to have his guilty plea set aside. Accordingly, counsel appropriately avoids any discussion of the plea colloquy or the voluntariness of DeLong's guilty plea. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002).

As for DeLong's sentence, counsel first considers arguing that the drug quantity—12 grams of methamphetamine—was calculated incorrectly. As part of his plea agreement, DeLong stipulated that the government could prove beyond a reasonable doubt an amount between 2.5 and 5 grams, but the probation officer calculated the 12-gram figure based on witness statements obtained during the criminal investigation. DeLong did not object to the probation officer's calculation as factually inaccurate; instead, at sentencing he offered the "legal argument" that *Booker* required the sentencing court to use the stipulated quantity because that is all the government could prove beyond a reasonable doubt. Counsel, though, has since concluded that this contention is frivolous, and we agree: "[w]ith the guidelines now merely advisory . . . the Sixth Amendment is not in play." *United States v. Dean*, 414 F.3d 725, 730 (7th Cir. 2005); *United States v. LaShay*, 417 F.3d 715, 719 (7th Cir. 2005).

Counsel also questions whether DeLong could construct a nonfrivolous issue around the district court's application of *Booker*. The court, though, complied with *Booker* by calculating an advisory guideline range (which counsel now concedes to be correct) and considering that range along with the other factors in 18 U.S.C. § 3553(a). *See United States v. Alburay*, 415 F.3d 782, 786-87 (7th Cir. 2005); *Dean,* 414 F.3d at 727-28. And since the court selected a sentence within the advisory range, DeLong's sentence is presumed to be reasonable. *See United States v. Paulus,* 2005 WL 2000984, at *6 (Aug. 22, 2005); *United States v. Mykytiuk*, 415 F.3d 606, 607-08 (7th Cir. 2005). We agree with counsel, then, that any *Booker* argument would be frivolous in light of the record.

Accordingly, we GRANT the motion to withdraw and DISMISS this appeal.